IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORENZO REYES, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1214-K |
| DAN JOSLIN, Warden | § | |
| Federal Correctional Institution, | § | |
| Seagoville, Texas | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Lorenzo Reyes, Jr., appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust administrative remedies.

I.

Petitioner is serving a 132-month prison sentence for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. Since his incarceration in 1997, petitioner has been awarded a total of 517 days of good time credit, calculated at the rate of 54 days per year, based upon actual time served.[1] This makes his projected release date September 21, 2006. However,

---

[1] Title 18, Section 3624(b)(1) of the United States Code, provides, in pertinent part:

> [A] prisoner who is serving a term of imprisonment of more than one year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . [C]redit for the least year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

petitioner maintains that good conduct time should be based on the total length of the sentence imposed, not the amount of time served. Under the method of calculation proposed by petitioner, he would be entitled to 54 days of good time credit for each year of his 11-year sentence, or 594 days. That would accelerate his release date to July 6, 2006. By this action, petitioner seeks an additional 77 days of good time credit.

As part of his answer, respondent argues that this case should be dismissed because petitioner has failed to exhaust available administrative remedies. The court will address the exhaustion issue first.

II.

A federal prisoner must typically exhaust all administrative remedies before seeking judicial relief. *See McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291 (1992). The Supreme Court has long recognized that exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *Id.*, 112 S.Ct. at 1086. These concerns apply with particular force "when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise." *Id.* (citing cases). Moreover, "[w]hen an agency has the opportunity to correct its own errors, a judicial controversy may well be mooted, or at least piecemeal appeals may be avoided." *Id.* (citing cases). *See also Garner v. U.S. Dep't of Labor*, 221 F.3d 822, 825 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1230 (2001).

The exhaustion requirement applies to the computation of sentence credit awards. *See, e.g.*

---

18 U.S.C. § 3624(b)(1). Under regulations promulgated by the Bureau of Prisons, an inmate's projected release date is advanced upon the completion of each year of imprisonment by the number of days of good conduct time that the inmate receives for that year. *See* 28 C.F.R. § 523.20; BOP P.S. 5880.28. Good conduct time is prorated if a full year or less remains to be served. *Id.*

*Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995); *United States v. Pelaez*, 930 F.2d 520, 524 (6th Cir. 1991); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); *Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir. 1984), *cert. denied*, 105 S.Ct. 1403 (1985); *Sanchez v. Wendt*, 2003 WL 22327877 at *1 (N.D. Tex. Oct. 8, 2003) (Kaplan, J.), *rec. adopted*, 2003 WL 22961222 (N.D. Tex. Oct. 27, 2003) (Lynn, J.).  The Bureau of Prisons has established an Administrative Remedy Program whereby inmates can "seek formal review of an issue relating to any aspect of [their] confinement."  28 C.F.R. § 542.10.  A prisoner must present his claim to the prison warden and appeal any adverse decision to the BOP Regional Director and General Counsel. *Id.* § 542.15(a).  Only then can a prisoner seek relief in federal court.  *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977).

Notwithstanding the sound principles underlying the exhaustion doctrine, there are at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion:  (1) where there is an unreasonable or indefinite timeframe for administrative action; (2) where an agency lacks authority to grant effective relief; and (3) where exhaustion would be futile because "the administrative body is shown to be biased or has otherwise predetermined the issue before it."  *McCarthy*, 112 S.Ct. at 1087-88.  However, those exceptions apply only in extraordinary circumstances.  *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted).  The petitioner bears the burden of establishing his entitlement to one or more of the exceptions.  *Id.*

III.

While conceding that he has not exhausted his administrative remedies, petitioner urges the court to exercise its discretion to consider his claim on the merits.  The court declines the invitation as petitioner has not established any exception to the exhaustion requirement.

First, there is no evidence of an unreasonable or indefinite timeframe for administrative action. To the contrary, BOP regulations establish a procedure for resolving administrative remedy requests in a timely fashion. If a complaint cannot be resolved informally, the inmate may submit a written request to the prison warden. 28 C.F.R. § 542.13. The warden has 20 days to respond to the formal request. *Id.* § 542.18. If the inmate is not satisfied with the response, he can appeal to the BOP Regional Director. *Id.* § 542.15(a). Such an appeal must be decided within 30 days. *Id.* § 542.18. The final step in the administrative review process is an appeal to BOP General Counsel. *Id.* § 542.15(a). Any such appeal must be decided within 40 days. *Id.* § 542.18. Since petitioner is not scheduled for release until September 2006 at the earliest, there is no reason why he cannot exhaust his administrative remedies before seeking federal habeas relief.

Nor has petitioner shown that the BOP lacks authority to award him sentence credits. The Attorney General has vested the BOP with authority to determine issues related to the manner in which sentences are to be carried out, including the calculation of sentence credits. 28 C.F.R. § 0.96(g). If the BOP has erroneously calculated petitioner's good conduct time, it has authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention).

Finally, it appears that neither the warden, BOP Regional Counsel, nor BOP General Counsel have ever been given an opportunity to address this issue. Even if petitioner believes that administrative review will be denied, it does not make this remedy futile. *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial *is* the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion.").

Petitioner's plight is no different than any other prisoner who disagrees with the calculation of his good time credits. This court is unwilling to create a wholesale exception to the exhaustion doctrine that would allow federal prisoners to circumvent the administrative appeal process and seek federal habeas review of sentence credit issues without at least first attempting to exhaust available administrative remedies. Absent evidence of undue delay, lack of administrative authority, or futility, the principles of exhaustion require that the BOP be given an opportunity to review sentence credit determinations before a federal court exercises habeas jurisdiction. *See Sanchez*, 2003 WL 22327877 at *2-3.

## RECOMMENDATION

Respondent's motion to dismiss should be granted. This case should be dismissed without prejudice for failure to exhaust administrative remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE